IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| **RICHARD DAVIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **PILGRIM'S PRIDE CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

COMES NOW Defendant Pilgrim's Pride Corporation ("Defendant" or "Pilgrim's Pride"), pursuant to 28 U.S.C. § 1441 *et seq.*, and gives notice of the removal of this action from the Chancery Court for Hamilton County in the State of Tennessee to the United States District Court for the Eastern District of Tennessee.

### I. Procedural Background

1. This case, styled *Richard Davis v. Pilgrim's Pride Corporation*, was filed on or about January 7, 2019 in the Chancery Court for Hamilton County in the State of Tennessee. Defendant was served with the Summons and Complaint on January 17, 2019. A true and correct copy of all process, pleadings, and orders served upon Defendant is attached hereto as "Exhibit A."

2. This removal has been timely filed because it is filed within thirty days of the date that Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

1

3. This action against Defendant could have been originally filed in this Court pursuant to 28 U.S.C. § 1331 and § 1367.

4. The United States District Court for the Eastern District of Tennessee is the federal judicial district encompassing the Chancery Court for Hamilton County in the State of Tennessee, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 123 and § 1441(a).

## II. Grounds For Removal

5. Plaintiff's disability discrimination cause of action, arising under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, as well as related state laws, is removable under 28 U.S.C. § 1441 because these claims originally could have been filed in this Court under 28 U.S.C. § 1331.

6. In his Complaint, Plaintiff states that Defendant discriminated against him and terminated his employment in violation of the ADA. Complaint at ¶ 21. He also claims that Defendant failed to provide him with reasonable accommodations and engage in the interactive process as required by the ADA. Complaint at ¶ 22. Finally, Plaintiff alleges that Defendant retaliated against him in violation of the ADA. Complaint at ¶ 23.

7. Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the … laws… of the United States." "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1441(a). As Plaintiff's allegations of discrimination and retaliation arise under the ADA, over which this Court has original jurisdiction, Plaintiff's Complaint is proper for removal under § 1441. *See, e.g.*, *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010) ("A complaint arises under federal law if it: (1) states a federal cause of action; (2) includes state-law claims that necessarily depend on a substantial and disputed federal issue . . . ."); *Gaynor v. Miller*, 205 F.Supp.3d 935, 946 (E.D. Tenn. 2016) (finding that removal was proper on the basis of federal question jurisdiction).

8. Additionally, Plaintiff's disability claims under the Tennessee Disability Act and the Tennessee Human Rights Act are based on the same alleged conduct that Plaintiff describes in support of his claims under the ADA. Complaint at ¶¶ 21-23. A review of Plaintiff's Complaint shows that Plaintiff's state law claims are clearly based on his employment and simply mirror his federal claims.

9. Furthermore, Plaintiff's claim of "worker's compensation retaliation" is also based on his termination, the same alleged conduct providing the basis for his disability discrimination claims. Complaint at ¶19. Moreover, because the "Tennessee retaliatory discharge law" referenced by Plaintiff in ¶ 19 of his Complaint is common law, and not a state statute that "raises a novel or complex issue of State law" this Court may exercise supplemental jurisdiction over Plaintiff's worker's compensation retaliation claim. *See* 28 U.S.C. § 1367(c)(1). The Sixth Circuit has held that claims arise under a state worker's compensation law only when "(1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial

question of workmen's compensation law." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004). Neither of these conditions is present in this case. Tennessee's worker's compensation law does not create a cause of action for retaliatory discharge, and Plaintiff's claims do not require this Court to answer a substantial question related to worker's compensation law. *See Gosnell v. Interstate Distrib. Co.*, 2009 U.S. Dist. LEXIS 29492, at *7 (E.D. Tenn. May 11, 2009) (holding plaintiff's claim of retaliatory discharge following his request for worker's compensation is a "standard common law tort claim of retaliatory discharge. That claim is removable.").

10. As Plaintiff's state law disability claims clearly arise from a common nucleus of operative facts as his federal claims, and his retaliation claim does not meet the criteria for claims arising under state law, this Court should exercise supplemental jurisdiction over these claims. *See* Complaint at ¶¶ 19, 21-23; *see also* 28 U.S.C. § 1367 (authorizing a federal court to exercise jurisdiction over state law "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that supplemental jurisdiction is proper when there is a claim involving a substantial federal question, which derives from a common nucleus of operative facts as the state claims); *Aldini v. Kroger Co.*, 628 Fed. App'x 347, 352 (6th Cir. 2015) (finding no abuse of discretion in lower court's decision to exercise jurisdiction over plaintiff's state law claims, which were decided on the same facts and law as his ADA claims); *Kleiber v. Honda of Am. Mfg.*, 485 F.3d 862, 867 (6th Cir. 2007) (acknowledging that the district court had federal-question jurisdiction over

4

plaintiff's ADA claim and supplemental jurisdiction over his state-law claims).

11. For the foregoing reasons, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and can exercise supplemental pendent jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

### III.    All Other Removal Prerequisites Have Been Satisfied

12. The Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Defendant, thus it is timely under 28 U.S.C. § 1446(b).

13. Attached hereto and marked as "Exhibit A" are true and correct copies of the Complaint that was filed on or about January 7, 2019, and the summons served on Defendant in the civil action designated Case No. 19-0013.

14. Defendant has sought no similar relief with respect to this matter.

15. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

16. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17. Written notice of the filing of the Notice of Removal will be given to the adverse party as required by law.

18. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Chancery Court for Hamilton County in the State of Tennessee.

19. The allegations of this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Eastern District of

Tennessee, and this cause is removable to the United States District Court for the Eastern District of Tennessee.

20. If any questions arise as to the propriety of the removal of this action, Defendant requests to present a brief and oral argument in support of their position that this case is removable.

**IV.     Adoption and Reservation of Defenses**

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the removing Defendant's right to assert any defense or affirmative matter, including, but not limited to, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any pertinent defense under the Tennessee or Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, the Defendant, desiring to remove this case to the United States District Court for the Eastern District of Tennessee, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Respectfully submitted,

*/s/ Emily T. Vande Lune*
Emily T. Vande Lune, Esq.
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL  35203
Phone: 205-820-8203
Fax: 205-719-0500
evandelune@bressler.com


*Counsel for Defendant*
*Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was served on this the 18th day of February, 2019, by filing the same with the Court to the following:

Joshua Ward
Kyle McDonald
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
Phone: (423) 697-4529
Fax: (423) 634-8886
josh@masseyattorneys.com
kyle@masseyattorneys.com

*Attorneys for Plaintiff*

/s/ *Emily T. Vande Lune*_____
OF COUNSEL