# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

RICHARD DAVIS
                                    PLAINTIFF
VS.                                                                      DOCKET NO. 19-0013

PILGRIM'S PRIDE CORPORATION
                                    DEFENDANT

## SUMMONS

TO DEFENDANT: PILGRIM'S PRIDE CORPORATION

WHOSE ADDRESS IS: REGISTERED AGENT – CORPORATION SERVICE COMPANY, 2908 POSTON AVENUE, NASHVILLE, TN 37203-1312

OTHER SERVICE INFORMATION _____

---

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 7th day of January, 2019.

ROBIN L. MILLER, CLERK & MASTER

By: _____
DEPUTY CLERK & MASTER

| Joshua Ward | 031329 |
|---|---|
| Plaintiff Attorney or Plaintiff if no attorney (*pro se*) | BPR# |
| Massey & Associates, P.C. | |
| Address | |
| 6400 Lee Highway, Suite 101 | |
| Chattanooga, TN 37421 | |
| 423-697-4529 | 423-634-8886 |
| Tel. NO. | Fax NO. |

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
                                     (Date)                                                       (Date)

❏ served this summons and a complaint on defendant, _____
                                                                                                        (Printed Name of Defendant)

in the following manner:

_____

_____

_____

❏ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____


_____      _____
      Process Server Name (Printed)                    Process Server Signature

_____
                    Address

_____

[Form 114, Rev 2008.01.22]




**CLERK & MASTER**
**CHANCERY COURT OF TENNESSEE**
**ELEVENTH JUDICIAL DISTRICT OF TENNESSEE**
**CHATTANOOGA, TENNESSEE**

## AMERICANS WITH DISABILITIES ACT NOTICE
42 U.S.C. 12131, et seq., T.C.A. § 16-3-803, Tennessee Supreme Court Rule 45

The AMERICANS WITH DISABILITIES ACT (ADA) prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the ADA, the Tennessee Judicial Branch will provide reasonable modifications, if necessary, in order for any qualified individual with a disability to access all of its programs, services and activities.

**If you require a modification to access the judicial program or have special needs because of a qualified disability, you must** submit a **written** REQUEST FOR MODIFICATION to the Local Judicial Program ADA Coordinator listed below at least **five business days prior** to the date for which the modification is sought.

For **ADA** information or assistance **ONLY**, contact:

**Local Judicial Program ADA Coordinator**
**Vince Dean, Criminal Court Clerk**
**102 Courts Building**
**600 Market Street**
**Chattanooga, TN 37402**
**(423) 209-7500**
**VinceD@HamiltonTN.gov**

THE TENNESSEE JUDICIAL BRANCH AMERICANS WITH DISABILITIES ACT POLICY REGARDING ACCESS TO JUDICIAL PROGRAMS, as well as REQUEST FOR MODIFICATION form may be found online at: www.tncourts.gov

Page 1 of 1 page.
NOTICE: AMERICANS WITH DISABILITIES ACT
FORM 167A REV. 2015.05.19

Case 1:19-cv-00047-TRM-CHS   Document 1-1   Filed 02/18/19   Page 3 of 9   PageID #: 11

# IN THE CHANCERY COURT OF HAMILTON COUNTY
# STATE OF TENNESSEE

| | |
|---|---|
| RICHARD DAVIS, | Docket No. 19-0013 |
| Plaintiffs, | |
| vs. | Division: |
| PILGRIM'S PRIDE CORPORATION, | JURY DEMANDED |
| Defendants. | |

## COMPLAINT

Richard Davis, through counsel, hereby sues Defendant, Pilgrim's Pride Corporation. Mr. Davis states his claims as follows:

### PARTIES

1. Plaintiff Richard Davis is an adult citizen and resident of Hamilton County, Tennessee. Mr. Davis was employed by Defendants from approximately August 28, 2017, until he was terminated on March 22, 2018.

2. Defendant Pilgrim's Pride Corporation is a Delaware Corporation with its principal place of business in Tennessee. The Registered Agent is Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

### JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because a substantial part of the circumstances giving rise to this cause of action occurred in Hamilton County, Tennessee.

1

## FACTUAL ALLEGATIONS

4. Defendant, Pilgrim's Pride Corporation is "A leading global poultry and prepared foods company." Pilgrim's Pride Corporation has 36 production facilities and 16 prepared foods facilities globally. They are in the business of processing chicken. Defendant owns and operates a facility at 1298 Peeples Street, Chattanooga, TN 37402.

5. Defendant employed Mr. Davis at a location in Hamilton County, Tennessee, at times relevant to this Complaint.

6. When Mr. Davis became employed with Defendant, he was assigned to cut chicken with shears on the line. After a couple of months of working on the chicken-cutting line, Mr. Davis began to experience pain and swelling in his right hand.

7. In November 2017, Mr. Davis notified his company supervisor about the issue and was sent to the in-house nurse. Mr. Davis was told that this hand issues were just "new hire pain." After receiving treatment by the in-house nurse, Mr. Davis was sent back to the chicken-cutting line.

8. During November and December 2017, Mr. Davis was written up for poor performance on multiple occasions. While counseling Mr. Davis concerning his poor performance, his supervisor referred to his hand injury.

9. In January 2018, Mr. Davis won a bid to work as a forklift driver in another of Defendant's plants. Mr. Davis notified his new supervisors of his hand injury at the previous plant. Mr. Davis's supervisors told Mr. Davis that his hand injury was not their concern because it happened at a different plant.

10. Mr. Davis experienced pain and swelling in his hand while working in this new position as a forklift driver.

11. On February 19, 2018, Mr. Davis went to Parkridge ER for right hand pain. The doctor said it was likely tendonitis. The doctor advised him that he needed to work a different job at the plant because his hand muscles were not strong enough.

12. On March 6, Mr. Davis went to Erlanger ER with right hand and thumb pain. The medical providers advised Mr. Davis to ask his boss for a different task that would require less repetitive use of his right thumb for one or two weeks. Mr. Davis approached his supervisors about accommodating his position, and no accommodations were offered.

13. On March 22, 2018, Mr. Davis asked his supervisor, Terrence, for two personal days to get his hand taken care of. Mr. Davis told his supervisor, "This is more than just new hire pain." Mr. Davis's supervisor ignored his request. Mr. Davis then went to another supervisor with the same request and that supervisor sent Mr. Davis to the nurse for another bio-freeze treatment.

14. Mr. Davis talked to the Human Resources department and requested a few days off to take care of his hand. Mr. Davis was approved for medical leave, "until he got a release from his doctor."

15. On March 26, 2018, Human Resources gave Mr. Davis a "Return to Work" form for his doctor to complete and return by March 29, 2018. Mr. Davis was further advised to stay in contact with Human Resources if he was unable to get the return form completed by March 29, 2018. Mr. Davis complied with that request.

16. On March 27, 2018, Mr. Davis went to Parkridge ER and on March 29th, Mr. Davis went to Erlanger ER. Mr. Davis was referred to specialist at Chattanooga Sports Clinic. Mr. Davis notified Human Resources that his appointment with the specialist was scheduled for April 30, 2018. Human Resources asked Mr. Davis to get an earlier appointment. Mr. Davis got an

appointment for April 10, 2018 and reported this to Human Resources. Human Resources assured Mr. Davis this was okay.

17. On April 10, 2018, Mr. Davis went to Chattanooga Sports Clinic to receive treatment, but discovered that he could not get treatment because Defendant had terminated his insurance. Mr. Davis contacted Human Resources to ask what was wrong with his insurance. Mr. Davis was told that he had walked off the job and that he had been terminated.

18. On the Separation Notice, Defendant listed that Mr. Davis was terminated for "walking off the job," with the date of termination listed as March 22, 2018. However, the separation notice was not completed until April 10, 2018, the same day as his scheduled appointment with a hand specialist. March 22, 2018, the listed date of termination, was four days *before* HR gave Mr. Davis a "Return to Work" form.

## COUNT I: WORKER'S COMPENSATION RETALIATION

19. Mr. Graham alleges that Defendants terminated his position in retaliation for his filing of a Workers' Compensation claim in violation of Tennessee retaliatory discharge law.

## COUNT II: DISABILITY DISCRIMINATION

20. Mr. Davis filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Mr. Davis by the EEOC on October 15, 2018. Therefore, Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

21. Mr. Davis alleges that Defendants discriminated against him, and discharged him because of his disability, his record of having a disability, or because Defendants regarded him as having a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq., the Americans with Disabilities Act of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

22. Mr. Davis alleges that Defendants failed to provide him with reasonable accommodations and failed to comply with the interactive process in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

23. Mr. Davis is alleging that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

24. At all times relevant, Defendants employed over 15 persons.

25. At all times relevant, Mr. Davis's right-hand injury constituted a physical or mental impairment that substantially limited one or more of his major life activities.

26. Defendants perceived or regarded Mr. Davis's right-hand injury as a physical or mental impairment substantially limiting one or more of his major life activities, consistent with the definition of "disability" provided under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

## DAMAGES

27. As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Davis was improperly discriminated against and terminated from his job. Mr. Davis is entitled to reinstatement, compensation for past, present, and future wages and benefits, incidental damages,

compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, punitive damages, and attorney's fees and costs.

WHEREFORE PLAINTIFF PRAYS:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, and other non-pecuniary losses;

(b) That Plaintiff be awarded punitive damages, as available.

(c) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award Plaintiffs such other, further, and general relief to which they may be entitled.

(e) That a JURY be empaneled to try this action.

This __4__ day of January 2019.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: _____
Joshua R. Ward, BPR No.: 031329
Kyle McDonald, BPR No.: 037088
6400 Lee Highway, Suite 101
Chattanooga, TN 37421
(P): 423.697.4529
(F): 423.634.8886
josh@masseyattorneys.com
kyle@masseyattorneys.com
*Attorneys for Plaintiff*

6